## LASHLEY v. DADE COUNTY.
No. 78-291-AP.

Circuit Court, Dade County, Appellate Division.

January 19, 1979.

Denis Dean, Sr., Miami, for the appellant.

Stuart L. Simon, County Attorney, Melinda T. Sterman, Assistant County Attorney, for the appellee.

WILKIE D. FERGUSON, JR., Circuit Judge.

Appellant, Officer Lashley, had been employed by appellee, Dade County, in the Public Safety Department for approximately four years.

Since 1959, it had been the policy of the Public Safety Department to require qualification for a firearm once a year. There is no evidence that any officer had ever been dismissed for failure to qualify.

On March 25, 1977 Public Safety Department Administrative Order No. 1-77 became effective requiring a showing of competency with every approved firearm with a score of 80% out of a possible 300.

At his annual qualification firings on April 26, 27 and 28, 1977, appellant's score was 196 — a failure.

On May 13th the officer having received remedial training then fired a score of 220. On the same day he fired 242. (By letter sent him after his termination, it was explained that the qualifying 242 was not official because it was not a timed firing.)

After remedial training, appellant fired the course again in June, with an average score of 215. In July he received additional remedial training but again failed to qualify, averaging 206. On July 29, 1977 he was sent a notice of dismissal from the director of the Public Safety Department.

A personnel hearing was held pursuant to Section 2-47, Code of Dade County. After the hearing, the examiner upheld the termination of appellant as a police officer and recommended that he be reassigned to a position not requiring the use of a firearm.

The county manager upheld the decision of the department dismissing appellant from employment. This appeal is from the decision of the county manager.

Lt. Tagtmeier, a training supervisor, testified to having talked to Officer Lashley and being made aware of his family problems which he felt contributed to his inability to requalify. While appellant was being counseled and undergoing remedial training, he was assigned to administrative duties, which he duly accepted.

The hearing examiner found that Officer Lashley was "a satisfactory public safety officer in all respects except for his ability to use a firearm." (It is apparent from the transcript of the hearing that the officer qualified with an approved firearm for the years '73, '74, '75, and '76.)

Failure to requalify within a 90 day period, during which time the officer is suffering from family problems which are probably the cause of a temporary disability, is insufficient to support a conclusion that one is incompetent. During those periods wherein appellant failed to qualify, his scores ranged from a low of 196 to a high of 225 for time firings, and 242 on an untimed firing. According to Sgt. Edward Brown, the state standard of competency is satisfied with a score of 195. So we are not faced with a situation where an officer is so unqualified so as to pose a danger to others.

More importantly, the department relies on its Administrative Order No. 1-77 dated March 25, 1977. That order provides essentially that any officer failing to qualify shall be relieved from assignment, prohibited from carrying a firearm and transferred to an administrative assignment. The order does not suggest that any officer otherwise competent in performance of his duties, shall be dismissed for failure to qualify within 90 days after his annual requalifying date. Appellant had a right to rely on the administrative order in effect at the time of his dismissal.

The department admits that after the instant case, and because of it they revised Administrative Order No. 1-77 to make it clear that failure to requalify is a ground for dismissal.

There was another alternative open to the county manager in the event appellant had refused to accept a transfer to an administrative assignment. He could have relieved the officer from duty, *without pay*, and allowed him a reasonable length of additional time to attempt to requalify at his own expense. That course would have been more consistent with the intent of Adminisrative Order No. 1-77 as it existed on the date of appellant's termination.

The decision of the county manager is reversed with directions to reinstate appellant.

We note that appellant will now be subject to the new administrative order which makes failure to requalify a ground for dismissal.

Concurring: H. STETTIN, M. TENDRICH, JJ.